# FEDERAL SUPREME COURT
## Cases, Judges, Officers, Proceedings and Opinions

## SUPREME COURT of U. S.

Chief Justice—William Howard Taft of Ohio.

Associate Justices—Joseph McKenna of California, Oliver Wendell Holmes of Massachusetts, Pierce Butler of Minnesota, William VanDeventer of Wyoming, Mahlen Pitney of New Jersey, James Clark McReynolds of Tennessee, Louis D. Brandeis of Massachusetts and George H. Sutherland of Utah.

Clerk—Wm. S. Stansbury, Dist. Columbia.

Deputy Clerk—Philander R. Stansbury.

Marshal—Frank K. Green of Kentucky.

Reporter—Ernest Knaebel of Colorado.

Terms—At Washington, D. C., second Monday in October, annually.

### No Cases. this Week

## COURT OF APPEALS of U. S.
### CINCINNATI

The United States is divided into nine Court of Appeals Circuits, each of which is made up of states. For each of these Circuits, the President appoints two Circuit Judges, and a Justice of the Supreme Court is assigned by that court to each Circuit, as Presiding Justice, the three thus selected constituting the Circuit Court of Appeals of the district. Ohio is in the Sixth Circuit.

Sixth Circuit—Comprised of the States of Ohio, Michigan, Tennessee, Kentucky.

Presiding Justice, William R. Day of Ohio, Justice of Supreme Court.

Circuit Judges—Loyal E. Knappen, Grand Rapids, Michigan; Arthur C. Denison, Grand Rapids, Michigan; Maurice H. Donahue, New Lexington, Ohio.

Clerk—Arthur B. Mussman, Cincinnati.

Deputy Clerk—Frank A. Hight, Federal Building, Cincinnati.

Terms, at Cincinnati, Federal Building, on the first Monday of October, and adjourned sessions on the Tuesday after the first Monday of each other month in the year, except August and September.

At the October, February and May sessions of the court (called Calendar Sessions), there is a regular and peremptory call of the calendar containing all the cases on the docket, which should be ready for hearing.

At the July session, no cases are heard, except on special order of the court.

This Term began October 2, 1922.

### RULES OF COURT
#### Return Days

All appeals, writs of error and citations must be made returnable not exceeding thirty days from the day of signing the citation, whether the return day fall in vacation or in term time, and be served before the return day.

#### Briefs

Counsel for defendant in error or appellee before the first day of the term if the clerk deliver to him a printed record of the case 60 days before the first day of such term; or 20 days if the record is delivered not less than 30 days before the first day of such terms, and in all other cases 15 days after receipt of such printed record, within the same time such counsel shall give to counsel of defendant in error or appellee five printed copies of such brief.

Counsel for defendant in error or appellee are to file twenty copies of his brief 30 days before the case is called for hearing and give five copies to the counsel for plaintiff in error or appellant.

## NEW OHIO LAWS

We intend to publish, each week, epitomized statements of all new laws of a general nature, and thus keep our readers informed as to the state of the statute law, as well as of case law.

The Abstract is the only statistical legal journal published, and the aim of its publishers is to make this feature of such service to the bar of the state, that it will become as indispensable as it is possible to make such a journal.

### No. 83
### MIDLAND LINSEED PRODUCTS CO. v. SARGENT CO.

U. S. Circuit Court of Appeals, 6th Circuit
No. 3645, June 6, 1922
For full opinion see 281 Fed. Rep. 704.

CONTRACTS—Narrative—(1) Seller may exercise its express option to demand cash without releasing buyer's obligation—(2) Court will not destroy reciprocal obligations and substitute optional—(3) Plaintiff should have been required to prove its good faith as to buyer's credit.

DONAHUE, JUDGE.
#### Epitomized Opinion

This case was brought in the U. S. District Court at Cleveland, and tried before Judge D. C. Westenhaver. Another case brought by Sargent against the Midland Co. was heard and submitted with it.

The action was brought by plaintiff, the Midland Co., to recover damages for the breach of five separate like contracts for sale of oil on the seller's printed forms, and a 6th cause of action for recovery on an account for oil sold and delivered. The defendant admitted the contracts, but denied the breach. Defendant filed a cross-petition for breach of the same contracts by plaintiff. The trial court on the first five causes of action directed a verdict for defendant, and plaintiff seeks, by petition in error in this court, to have the judgment reversel.

The dispute arises over the construction of that part of the contracts of purchase, relating to payments. The buyer agreed to pay the invoices within 10 days from the date of shipment, less one per cent, or to give a 30-day trade acceptance for the full amount, and in case of default, or if the credit of the buyer became unsatisfactory to the seller, the whole debt became due at once, and further deliveries were to be made only for cash. Later the seller became dissatisfied with buyer's financial conditions, and so advised it, and finally refused to deliver except for cash. Then the buyer refused to buy further and pay in cash. The seller claimed this refusal was a breach of the contract. The buyer claimed that the election of the seller to demand cash released it from its contract to accept deliveries. The Court of Appeals held:

1. That the failure of the buyer to maintain its credit did not relieve either party, the one to deliver, and the other to accept, the full quantity of oil contracted for.

2. It is a canon of construction that the courts will not destroy the mutual and reciprocal obligations of the contracting parties and substitute therefor an optional contract, unless the language used imperatively requires such a construction.

3. That the contract does not confer upon the seller the authority to declare arbitrarily that the buyer's credit is unsatisfactory to it. That the burden was on the plaintiff to establish this by a preponderance of the evidence which it must do.

The court reversed the judgment of the district court, directing a verdict for the defendant upon the first five causes of action, and in directing a verdict for plaintiff on its cross-petition and remanded the cause for a new trial.